IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH DINICOLA,                                Civ. No. 08-6317-HO

        Plaintiff,                            ORDER

    v.

SERVICE EMPLOYEES INTERNATIONAL
UNION LOCAL 503, et al.,

        Defendants.

## Background

Plaintiff is a past elected president of defendant Service Employees International Union Local 503. The complaint alleges that the Oregon Department of Revenue (ODR) employed plaintiff and assigned him for a period of time to perform union duties pursuant to a written agreement by which ODR paid plaintiff's wages and benefits and received reimbursement from Local 503. Local 503 also paid plaintiff $400 per month as president's pay. The complaint further alleges that plaintiff attempted to collect unpaid overtime compensation by filing a lawsuit in the Circuit

Court of the State of Oregon for Marion County, among other means. The complaint further alleges that Local 503 opposed plaintiff's claim for entitlement to overtime compensation and that certain Local 503 members criticized plaintiff and his claim.

The complaint includes claims that Local 503, Service Employees International Union (SEIU) and the State of Oregon (1) retaliated against plaintiff because he engaged in activity protected under the Fair Labor Standards Act (FLSA) in violation of the act, and (2) failed to pay overtime compensation in violation of the FLSA, and that Local 503 and SEIU limited plaintiff's rights to institute actions and proceedings and testify in violation of the Labor Management Reporting Disclosure Act (LMRDA). The complaint also includes related state law claims against Local 503, SEIU and individual defendants.

The State of Oregon filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. SEIU, Local 503 and individual defendants filed motions to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

## Discussion

I. <u>State's Motion for Judgment on the Pleadings</u>

Because it did not expressly or impliedly waive its Eleventh Amendment immunity from suit in federal court for violation of

2 - ORDER

the FLSA, the State of Oregon's motion for judgment on the pleadings is granted. Quillin v. State of Oregon, 127 F.3d 1136, 1138 (9th Cir. 1997). Plaintiff's authority does not support his waiver argument. In Butterfield v. State, the court held that an FLSA claim was a tort claim within the meaning of the Oregon Tort Claims Act, under which the state partially waived its sovereign immunity. 987 P.2d 569, 574 (Or. App. 1999). The OTCA is not a waiver of Eleventh Amendment immunity, however. Estate of Pond v. Oregon, 322 F.Supp.2d 1161, 1165 (D.Or. 2004). Not surprisingly, Clayton v. State of Oregon, 1990 WL 32088 (D.Or. 1990), contains no discussion of Eleventh Amendment immunity, as the defense was clearly foreclosed at the time of the decision. See Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996) overruling Pennsylvania v. Union Gas Co., 491 U.S. 1 (1989). A state does not waive Eleventh Amendment immunity in these circumstances. Quillin, 127 F.3d at 1139. The case of Chao v. State of Oregon, No. 03-6194-AA (D.Or.), did not yield an opinion and did not involve a suit by a citizen of a state against the state.

II. Motions to Dismiss for Failure to State a Claim

In resolving a motion to dismiss, the court construes the complaint in the light most favorable to the non-moving party, taking the allegations and reasonable inferences as true. Walter v. Drayson, 538 F.3d 1244, 1247 (9th Cir. 2008). Conclusory

3 - ORDER

allegations of law and unwarranted inferences will not defeat an otherwise proper motion to dismiss, however. Vasquez v. Los Angeles County, 487 F.3d 1246, 1249 (9th Cir. 2007).

SEIU correctly argues that the complaint does not allege that SEIU acted against plaintiff, that SEIU participated in Local 503's conduct, or that Local 503 is an agent of SEIU. Dismissal of the claims against SEIU is warranted. See Laughon v. Int'l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of the United States and Canada, 248 F.3d 931, 935 (9th Cir. 2001). SEIU joins with Local 503's arguments that plaintiff fails to state a claim under the FLSA, LMRDA or state law.

A.  FLSA Overtime and Retaliation Claims

Plaintiff's claim for overtime compensation under the FLSA (count two of the first claim) is barred by issue preclusion. An Oregon trial court determined that plaintiff is exempt from the FLSA's overtime pay provisions. Def's Memo. filed ½6/09 [ECF/CM #19], App. A at 5.

For count one of his first claim, plaintiff alleges that Local 503 and SEIU violated the anti-retaliation provisions of the FLSA. The complaint does not state what action, if any, Local 503 and SEIU took against plaintiff in retaliation for activity protected by the FLSA. Complaint, ¶ 58. At section III.A.1 of his brief, plaintiff identifies conduct he contends is

retaliatory.  Most of this conduct is not reasonably attributable to Local 503 or SEIU.  While plaintiff argues that Local 503 and SEIU are vicariously liable for the conduct of its officers, members and employees under common law agency principles, the complaint lacks allegations that Local 503 officers, members and employees acted as agents of Local 503 or SEIU.  In any event, the conduct of defendants alleged in the complaint cannot support an FLSA retaliation claim, as it could not have dissuaded a reasonable worker from pursuing overtime compensation.

   Plaintiff alleges that Local 503 attorney Marc Stefan threatened him by falsely stating that submission of revised time sheets to the state would constitute a criminal act under the LMRDA.  Plaintiff further alleges that Stefan and Local 503 Executive Director Leslie Frane instructed him to limit his time sheets to 40 hours per week even though they knew he expended more than 40 hours each week on Local 503 business.  Complaint, ¶ 58.  The alleged knowing provision of an incorrect legal opinion did not amount to a threat and did not dissuade plaintiff from seeking overtime compensation.  Moreover, minor acts of the employer such as verbal threats are not actionable.  <u>Coszalter v. City of Salem</u>, 320 F.3d 968, 975 (9th Cir. 2003).  Stefan and Frane's instruction regarding plaintiff's time sheets simply reflects their view, shared by the Oregon trial court, that plaintiff is ineligible to receive overtime compensation.

5 - ORDER

Plaintiff alleges that Local 503 and its board members did nothing to keep his claim for overtime compensation confidential, and that a newspaper article quoted a Local 503 employee and board member who voiced opposition to plaintiff's claim. Plaintiff alleges that Kathie Best stated, "none of us think that he is entitled to this money," and that Barbara Casey stated that plaintiff sought a "grandiose payoff[.]" He alleges that the newspaper article did not disclose that Kathie Best is an employee of Local 503. But he does not allege that he had a right to have his request for overtime compensation kept confidential, or to have Local 503 refrain from stating its opposition in the newspaper. Furthermore, plaintiff filed his lawsuit seeking overtime compensation prior to publication of the newspaper article.

Plaintiff apparently means to allege that Frane and Local 503 retaliated against him by failing to prevent union members from using e-mail and Local 503 resources to "retaliate" against him for his pursuit of overtime compensation, or to punish such members. Pl's Memo. at 4, citing to Complaint, ¶ 43. This alleged failure to act does not give rise to a retaliation claim against an employer. See Nunez v. City of Los Angeles, 147 F.3d 867, 875 (9th Cir. 1998); see also Coszalter, supra.

Plaintiff alleges that officials or executive board members of Locals 001, 392 and 2000 sent correspondence advising or

6 - ORDER

requesting that he not attend meetings or functions of those locals. Plaintiff does not allege that Local 503 had a role in generating this correspondence. Nor does plaintiff allege that he did not attend any events as a result of these communications. Elsewhere in the complaint plaintiff refers to an e-mail in which the secretary/treasurer of Local 001 indicates that plaintiff declined to leave a meeting after Local 001 members let him know his presence was unwanted.

    Plaintiff alleges that Local 503 and two individuals coerced him into a "'standby' work schedule for which he would only be paid for 40 hours," and which would "require Plaintiff to flex his work schedule for union business." Complaint, ¶ 49. Neither the complaint or plaintiff's memoranda explain how this arrangement differs from the arrangement plaintiff worked under prior to his unsuccessful pursuit of overtime compensation.

    Plaintiff alleges that various individual defendants (1) made disparaging comments about him or his wage claim, (2) signed an "expression of no confidence" document, and (3) participated in a campaign to recall him from office, all in retaliation for his pursuit of overtime wages. These acts are not adverse employment actions and are not reasonably attributed to Local 503 or SEIU. As noted, minor acts such as verbal threats and derision are not actionable. Coszalter, 320 F.3d at 975-76. Plaintiff does not allege that the recall campaign resulted in

his removal from office.

Plaintiff alleges that defendant Linda Bergin attempted to limit his access to information required by plaintiff to perform his duties. Complaint, ¶ 56. Nothing in the complaint permits an inference that Bergin's conduct is attributable to Local 503 or SEIU. Plaintiff does not allege that Bergin successfully deprived him of required information. Moreover, this type of conclusory allegation does not provide fair notice of plaintiff's claim. Williams v. Boeing Co., 517 F.3d 1120, 1131 (9th Cir. 2008).

    B.   LMRDA Claim

For his eighth claim, plaintiff alleges that Local 503 and SEIU limited his right to sue or testify in administrative and judicial proceedings by taking the actions described in the preceding paragraphs of the complaint, in violation of the LMRDA (29 U.S.C. § 411). Complaint, ¶ 79. As discussed above, the allegations of the complaint do not permit reasonable inferences that Local 503 acted as SEIU's agent, that union members acted as agents of Local 503, that plaintiff was actually deprived of a right to sue or testify, or that plaintiff suffered a materially adverse retaliatory employment action.

    C.   State Law Claims

The complaint fails to state a federal claim upon which relief may be granted. At this stage of the litigation, the

balancing of judicial economy, convenience, fairness and comity causes the court to decline jurisdiction over the supplemental state law claims.  See <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350, n.7 (1988).

    D.  Procedure

If plaintiff can allege a retaliatory employment action and/or agency relationship(s), he may file an amended complaint within 21 days of the date of this order.  For the reasons discussed above, such pleading should not include a claim for overtime compensation or any claim against the State of Oregon.

<u>Conclusion</u>

Based on the foregoing, SEIU's motion to dismiss [#18] is granted; Local 503 and individual defendants' motion to dismiss [#28] is granted; and the State of Oregon's motion for judgment on the pleadings [#30] is granted.  As provided herein, leave is granted to plaintiff to file an amended complaint within 21 days of the date of this order.

    SO ORDERED.

    DATED this <u> 12th </u> day of June, 2009.

                                           <u>s/ Michael R. Hogan</u>
                                           United States District Judge