UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JOSEPH DiNICOLA,                                                                6:08-cv-6317-TC

                Plaintiff,

                                FINDINGS & RECOMMENDATION

    v.

SERVICE EMPLOYEES INTERNATIONAL
UNION LOCAL 503, et al.,

                Defendants.

COFFIN, Magistrate Judge:

       Plaintiff filed this action in 2008 alleging numerous claims including violation of the Fair Labor Standards Act (FLSA) against Service Employees International Union (SEIU), Service Employees International Union Local 503 (Local 503), and several individual defendants acting as officers of SEIU and Local 503. Following the granting of a motion to dismiss on June 12, 2009, plaintiff filed an amended complaint on July 6, 2009, which included a claim for defamation against all defendants. The court dismissed additional claims on August 5, 2011. Plaintiff filed an amended complaint on September 5, 2012 and the operative complaint on October 1, 2012.

       On April 25, 2013, plaintiff submitted his acceptance of an offer of judgment from defendant

Page 1 - FINDINGS & RECOMMENDATION

Local 503 and the individual defendants. Accordingly, only defendant SEIU remains and the only claim remaining is plaintiff's state law claim for defamation. Defendant SEIU now moves for judgment on the pleadings or to dismiss.

Plaintiff alleges that defendant John Hawkins (an agent of Local 503) published a document alleging plaintiff engaged in criminal conduct. Amended Second Amended Complain (#144) at ¶ 94. Plaintiff alleges that defendant Deborra Low (A local 503 member) referred to plaintiff publically as a sleazy grafter. Id. at ¶ 95. Plaintiff alleges that defendants Catherine Stearns (a Local 503 general council delegate and steward); Robert Gourly (a Local 503 treasurer), and Low handed out flyers referring to plaintiff as a pickpocket. Id. at ¶ 96. Plaintiff alleges that defendant Barbara Casey (a local 503 member and general counsel delegate) publically referred to plaintiff as Local 503's Jimmy Hoffa. Id. at ¶97. Plaintiff alleges that Local 503 through its house counsel Marc Stefan stated plaintiff violated various laws and engaged in a criminal act. Id. at ¶ 98. Plaintiff alleges that defendants Leslie Frane (a former SEIU vice president and Local 503 executive director), Gourley, Sonya Reichwein (a Local 503 member and former delegate and vice president), Star Holmberg (a local 503 board member and general council delegate), Kathie Best (a Local 503 member and former president), Dawn Morgan (a Local 503 general council delegate), Low, Casey, James Jacobsen (a Local 503 board member and general council delegate), Stearns, Gina Santacroce (a Local 503 board member and general council delegate), and Linda Burgin (a local 503 board member, general counsel delegate and executive committee member), published false statements that plaintiff committed criminal acts. Id. at ¶ 99. Plaintiff further avers that the alleged false statements caused him harm. Id. at ¶ 101.

Plaintiff's tortured attempts to hold SEIU accountable for actions occurring at the local level

Page 2 - FINDINGS & RECOMMENDATION

have been unavailing. The federal claims against SEIU were dismissed on August 5, 2011. Order (#119) at p. 12 (complaint's conclusory allegation against SEIU as employer insufficient for retaliation discrimination under 29 U.S.C. § 215); p. 19 (complaint lacks plausibility regarding SEIU's alleged attempts to dissuade plaintiff from making an overtime claim in violation of 29 U.S.C. § 411). While the court did state that the alleged defamatory statements were sufficient to articulate a plausible entitlement to relief, the order did not address whether plaintiff adequately attributed any defamatory statements or publication of defamatory statements to SEIU. At that time however, the court did note that, for purposes of the FLSA claim,

> Plaintiff's attempts to tie SEIU to the Local's activities through Ms. Frane's position as one of 21 SEIU vice presidents ... is unavailing. Courts analyzing the actions of an individual who serves simultaneously as a local and an international official look to the organization being served at the time of the allegedly objectionable conduct.... They do not impute the conduct, or knowledge of the conduct, to the international solely by virtue of the individual's double role.

Order (#119) at p. 11.

This is important because in the Amended Second Amended Complaint, the only possible tie to SEIU is through the allegation of several Local 503 members (including Frane) publishing false criminal acts on the part of plaintiff in paragraph 99. While there is an explicit allegation of Local 503 acting through its agent to make alleged defamatory statements, there is no such specific allegation of SEIU acting through its agents. Defendant Frane is the only individual who is alleged to be an agent of SEIU at all, but as noted by the court previously, any attempts to tie her to SEIU via her dual role are unavailing. Accordingly, the complaint is devoid of any allegations demonstrating SEIU defamed plaintiff.[1]

---

[1] In addition, plaintiff has settled his claims with the individual defendants including defendant Leslie Frane. The issue of the reasonableness of attorneys' fees related to those claims

Page 3 - FINDINGS & RECOMMENDATION

Plaintiff's operative complaint is 52 pages long and represents his fourth attempt to allege claims against defendant SEIU over a four-year period. Yet, plaintiff's defamation allegations remain vague and lack any plausible connection to SEIU. A complaint must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 f3d 1202, 1216 (9th Cir. 2011). After all these years and amended complaints, it is still unclear how plaintiff is entitled to relief from SEIU for defamation.[2]

For the court to allow further amendment would be to condone undue delay and substantial prejudice to defendant. As noted above, plaintiff already settled with Frane and she has been terminated from the case. Plaintiff's attempt to keep this claim alive allows plaintiff to, in essence, bring the individuals back into the case despite settling with them. The case has been pending for five years, but plaintiff has yet to conduct discovery on the defamation claim. Defendant SEIU should not be put in the position of defending a claim after five years of litigation while still having no plausible allegations demonstrating why it should be responsible for the alleged defamatory statements.

Plaintiff's dilatory action in fleshing out his defamation claim against SEIU further demonstrates that the court should not retain jurisdiction over the sole remaining state law claim now is still pending.

---

[2]Plaintiff asserts that paragraphs 46-47 of the complaint established that SEIU published defamatory statements, but the cited portion of the complaint merely established that Local 503 agents published defamatory statements after Frane (in her capacity as a Local 503 agent) sought advice from the SEIU communications department as to how to use "messaging" to conduct a Local 503 public relations campaign. There is no plausible basis to conclude that SEIU published defamatory statements. Plaintiff's resort to paragraphs 45 and 37 also fail to appropriately allege defamation on the part of an SEIU actor.

Page 4 - FINDINGS & RECOMMENDATION

that all federal claims have been dismissed. Indeed, plaintiff's response indicates further prejudice to defendant in that he will now seek to amend to add federal claims under 29 U.S.C. § 215 and 29 U.S.C. 411 despite the fact that such claims against SEIU were dismissed on August 5, 2011.

When the federal claims are dismissed before trial, it is wholly within the district court's discretion to dismiss the state claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); see also Schneider v. TRW, Inc., 938 F.2d 986, 993-94 (9th Cir. 1991). The court has not invested its judicial energies with respect to the improperly pleaded defamation claim to such an extent that would justify retaining jurisdiction. See Schneider, 938 F.2d at 994; Wren v. Sletten Const. Co., 654 F.2d 529, 536 (9th Cir. 1981). Nor is it apparent that judicial economies would be served by retaining jurisdiction over this case. See Schneider, 938 F.2d at 994. Further, as noted, plaintiff has not conducted discovery on his defamations claim. In weighing issues of economy, convenience, fairness, and comity, the court should decline to retain supplemental jurisdiction over the remaining state law claim even if amendment to better plead a defamation claim against SEIU were proper.

## CONCLUSION

For the reasons stated above, defendant SEIU's motion to dismiss (#182) should granted and this action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties shall have

fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determination of the Magistrate Judge will be considered as a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to this recommendation.

DATED this 23 day of September, 2013.

THOMAS M. COFFIN
United States Magistrate Judge

Page 6 - FINDINGS & RECOMMENDATION